Greenough, Cook & Co. *v.* Nichols et als.

---

Greenough, Cook & Co. *v.* Hiram M. Nichols and John McGaffey, *Treasurer of School District No.* 12, *in Lyndon, Trustee,* and Charles K. Hubbard and others, *Claimants.*

*Mechanics' Lien.*

The *Mechanics' Lien* contemplated by the statutes of this state on that subject — see Comp. Stat. chap. 100, sec. 3, p. 336, acts of 1852, No. 30, p. 34, and acts of 1856, No. 22, p. 23 — is given only to those who contract with the

Greenough, Cook & Co. *v.* Nichols et als.

*owner* of the building, or have a claim against *him* for their labor, and not to workmen, employed by contractors, and between whom and the owner there is no privity of contract.

Therefore, when a school district was summoned as the trustee of one who who had built their school house, and to whom they were indebted therefor, it was held, that workmen, who had been employed by such contractor upon the building, and who had filed their claims against *him* in the town clerk's office, obtained judgment thereon, and caused the same to be recorded, all in conformity with the laws regulating mechanics' liens, did not thereby gain any lien upon the building, or claim to the money due from the district to the contractor, and that they could not, by entering as claimants in the trustee suit, defeat the attachment of the indebtedness of the district to the contractor by a creditor of the latter.

This cause was tried by the court, at the June Term, 1858, POLAND, J., presiding, upon the question of the liability of the trustee, and of the right of the claimants to hold any part of the funds in the hands of the trustee.

The facts in the case sufficiently appear in the opinion of the court.

The county court decided that the claimants had no lien upon the school house, or the sum to be paid therefor by the district, and adjudged the trustee chargeable for the full amount due from the district to the defendant. To this judgment the claimants excepted.

*Geo. C. & G. W. Cahoon,* for the claimants.

*Willard & Ross,* for the plaintiffs.

The opinion of the court was delivered by

BARRETT, J. School district No. 12 in Lyndon contracted with the defendant to build for them a school house for four hundred and sixty-nine dollars. He proceeded and built the house under that contract, to the acceptance of the district, though not strictly within the terms of the contract. The district acknowledge their liability to pay for it at the contract price. Before the house was completed and accepted, this suit was commenced against the defendant, and the district was summoned as his trustee. The claimants were employed by Nichols in building the house, and they performed the labor thereof.

50

The ground, on which the claimants rest their claim to the funds in question, is the statute law providing for mechanics' liens, Comp. Stat., chap. 100, sec. 3, and the act of 1852, and also of 1856, in addition thereto. The claimants produced, in evidence, copies of their respective claims, which they had filed in the town clerk's office, and records of the judgments recovered by each of them against said Nichols. These proceedings are to be treated as being in the manner provided by the statute. If Nichols was the owner of the school house, the liens provided by the statute would attach and inure to the benefit of the claimants, by virtue of the proceedings taken by them in pursuance of those statutes.

But we suppose there is no serious doubt that the school house belongs to the district, and never in any part or manner belonged to Nichols. He built it for the district, under a contract to do so for a stipulated price. The claimants worked in building it upon the employment and credit of Nichols. They were never in any privity with the district, as is obvious, and as is fully evinced by the declaration of claim filed by them, in which they say that they have brought their suits, recovered their judgments and filed their claims in the town clerk's office *against Nichols,* for their work, in pursuance of the statutes before named.

Holding, as we do, that Nichols never owned the school house, we are troubled to see how the lien, provided by those statutes, can attach upon that house. We have given studious attention to the several enactments on this subject, to ascertain whether they were capable of a construction which would enable the workmen to assert a lien upon the building itself, solely by reason of their having worked in making it, where there is no such privity between them and the owner of the building, as would enable them, by force of the contract under which they did the work, to claim and recover their pay of him. But we have been entirely unsuccessful. The cases cited from the other states afford no aid nor light in the matter.

All the proceedings, provided for by the law in question, are obviously adopted only to cases in which the claimant has done the work for the proprietor of the building. The claims are to be filed against *him*—the suits are to be brought and judgments recovered against *him*, and "the plaintiff is to have the same remedy to obtain

possession and to foreclose the *defendant's* equity of redemption, and perfect his own title, as in the case of a mortgage."

It is true that some expressions in these statutes are so broad as in themselves, to favor the idea that the legislation intended to give the right of lien to any one who performed work upon the building, by whomsoever employed. But when the whole of the enactments are considered in connection, the impracticability of carrying out such intent, by any procedure provided by those statutes, as well as the practically unjust, if not absurd consequences, which, in many supposable cases, would result, satisfy us that the limit we have indicated is the true one. If no lien is fixed on the building, then, of course, the district can be in no hazard of having anything to pay in order to redeem their property from an incumbrance against which Nichols would be bound to indemnify them; and so, of course, the district have no right to hold the money due to Nichols, or any part of it, for indemnity; as they might have, if for his benefit they could be compelled to pay debts existing against him, in order to save their property.

Regarding it as clear that the proceedings, taken by the claimants under the statute, fix no lien on the school house, it is to be considered whether they do on the money stipulated to be paid to Nichols for building the house. The first thing to be noted is, that the law makes no provision in terms, for such a result, and, in any consideration we are able to give it, we do not see how it can be construed into any such operation. Its sole object was to fix a lien on the building and land, as the property of the person for whom the labor was performed, in the nature of a mortgage, and to be enforced like a mortgage against the owner of the property as mortgagor, and in no manner contemplated a proceeding by a laborer to fasten on the money due to the contractor, for whom such laborer had performed service in making the building. Hence the proceedings instituted by the claimants, for the purpose of fixing a lien on the building, give them no claim upon the money due from the district to Nichols; and as to mode and means of enforcing or securing payment for their labor, they must be left upon the same footing as any other creditors of Nichols.

We, therefore, hold that the rights of the plaintiff are in no way incumbered or impaired by the claims that are interposed, and the udgment of the county court is affirmed.