SIMON SHERRID, MARY P. BUCK AND JOHN CURTIS v. MARY JANE SOUTHWICK.

*Estates of decedents—Homestead—Wife's signature to mortgage— Notice in ejectment.*

A judgment will not be reversed for a defect in the judge's finding, which a stipulation in the record shows was pure inadvertence.

A homestead may be claimed in lands of a decedent which he owned in common with another   *Lozo v. Sutherland*, 38 Mich. 168.

A mortgage given by a married man of his homestead requires to its validity the signature of his wife, even though at the time she is not living with him.   The signature of a woman, then passing as his wife, when she is not, is merely void.

A wife driven from her home by the misconduct of her husband carries with her all her marital rights, including the right to preclude the conveyance or mortgaging of the homestead without her consent.

The mortgage of a homestead given by a married man without his wife's signature is void absolutely, and not merely as to the homestead interest.   An heir at law of the mortgagor, after his death, may maintain ejectment against one holding under a foreclosure of it, and this, whether the heir is or is not a minor.

One who gets possession of a homestead under proceedings in fore- closure of a void mortgage, is not entitled to notice as tenant at will, before being sued in ejectment.

Error to Cass.   Submitted April 16.   Decided June 9.

TRESPASS.   Defendants bring error.

*E. Bacon* for plaintiffs in error.

*Harsen D. Smith* for defendant in error.   An estate in common will support a right of homestead in one of the co-tenants *McClary v. Bixby* 36 Vt. 254; *Horn v. Tufts* 39 N. H. 478; *Hewitt v. Rankin* 41 Ia. 35; *Thorn v. Thorn* 14 Ia. 49; *Tarrant v. Swain* 15 Kan. 146; *Green- wood v. Maddox* 27 Ark. 660; *McGuire v. Van Pelt* 55 Ala. 344; *Lacey v. Clements* 36 Tex. 663; *Williams v. Wethered* 37 Tex. 130; *Smith v. Deschaumes* id. 429; *Johnson v. May* 16 N. B. R. 425; *In re Swearinger* 17 id. 138; *Com-*

*stock v. Comstock* 27 Mich. 100; *Sears v. Hanks* 14 Ohio
St. 301; *Bartholomew v. West* 2 Dil. 293; Freeman Co-
tenancy § 54; Thompson Homesteads § 188; 1 Am. L. Reg.
654; a mortgage of a homestead is not valid without
the wife's signature even though she does not live on it
with her husband, *Meader v. Place* 43 N. H. 308; *Atkin-
son v. Atkinson* 37 N. H. 436; *Wood v. Lord* 51 N. H. 448;
*Doyle v. Coburn* 6 Allen 71; *Williams v. Swetland* 10 Ia.
51; *Henderson v. Ford* 46 Tex. 627; *Lies v. DeDiabla* 12
Cal. 329; a wife who is forced to leave her home by
her husband's cruelty or neglect forfeits none of her
rights even to homestead, *Baker v. Dayton* 28 Wis. 368;
*Vanzant v. Vanzant* 23 Ill. 536; Thompson on Home-
steads §§ 283, 504; 1 Washb. R. P. 376; Bishop Mar. &
Div. 653–7; Reeves Dom. Rel. [3d ed.] 327; Tyler's Inf.
and Cov. 891.

COOLEY, J.   Mrs. Southwick, the defendant in error,
brought ejectment in the circuit court to recover certain
land which she claimed as heir-at-law of John Cave
deceased.   The defendants below claimed under the fore-
closure of a mortgage given by John Cave, which the
plaintiff insisted was void for the reason that the lands
described therein constituted the homestead of the mort-
gagor, and he had at the time a wife who did not unite
with him in giving it.   The facts were found by the
circuit judge, and are in substance the following:

John Cave in 1856 was married to Mary E. Cave, who
is still living.   The plaintiff in this suit was born in
1858, and is the only issue of this marriage.   October
20, 1860, John Cave became the owner in fee of the
south fifteen acres of thirty acres of land off the west
side of the east half of the northwest quarter of sec-
tion five, town five south of range thirteen west, Cass
county.   In July, 1863, John Cave and the plaintiff
became tenants in common of the north fifteen of the
same thirty acres, which had been previously owned by
Cave's mother.   In December, 1864, Cave also became

owner of ten acres lying east of and adjoining the thirty acres above described. Previous to 1862 Cave had resided with his family in a log-house on the south fifteen acres, but in the latter part of that year he removed to his mother's house on the north fifteen acres, and three years later tore down the house he had lived in before. From 1862 to the time of his death in 1872 Cave occupied all three of the parcels of land above described, and cultivated the same as one farm. The fifteen acres owned by him and the plaintiff as tenants in common was never partitioned between them. While they lived together Cave treated his wife cruelly and neglected to provide for her the comforts of life, and in 1862 she separated from him and did not live with him afterwards, though they were never divorced.

The mortgage under the foreclosure of which the defendants claimed was given to one Bryant September 1, 1867, and covered all three parcels of land. Cave's wife was then living in another State, and one Lucinda M. Cave united in giving the mortgage, but for what reason is not explained. In one of the briefs it is stated that she was then living with John Cave and passed as his wife. The mortgage was foreclosed in 1872, the land sold to one Sheffield, who afterwards deeded it to Lucinda M. Cave, and she to defendant Sherrid. Under this foreclosure defendant Sherrid seems to have obtained possession of all the forty acres except seven and a-half acres in the northwest corner thereof, which remained in the occupancy of the plaintiff after her father's death. In this corner the dwelling house was situated which Cave occupied at the time of his death. The present suit was instituted in 1879 and after the plaintiff had attained to her majority.

The circuit judge on the facts found was of opinion that the mortgage under which defendants claimed was void for want of the signature of Cave's wife, and therefore that plaintiff, as heir at law, was entitled to recover.

I. The circuit judge has failed to find what the value of the mortgaged land was; and it is urged that his judgment is for that reason erroneous, since the value may have exceeded the constitutional limit of $1500. Technically this objection is well taken. But it appears by a stipulation of the parties, which is returned with the record, that the value of the land was actually under $1500, and that Cave, when he gave the mortgage, owned no other land than that which he described in it. We cannot, with this stipulation in the record, reverse the judgment, since the only result would be to send back the case for a more complete finding, which could not possibly benefit the defendants. *Slocomb v. Thatcher* 20 Mich. 52.

II. The house in which Cave lived having been situated on that part of the land which he owned in common with another, it is argued there could be no homestead as to that, because a homestead is exempted only in its entirety, *Amphlett v. Hibbard* 29 Mich. 298; and none as to the remaining twenty-five acres, since that, having no dwelling upon it, was not a homestead in fact. *Coolidge v. Wells* 20 Mich. 79. In *Lozo v. Sutherland* 38 Mich. 168, the same question of the right to claim a homestead in land held in common was raised, and decided in the affirmative. Although in some other States there are decisions to the contrary, there are also many in accord with this conclusion, some of which are cited in the opinion in that case. Text writers have also taken the same view. Freeman on Co-tenancy § 54; Thompson on Homesteads § 188; Smyth on Homestead § 127. See *In re Swearinger* 5 Sawyer 52. But even if the part held in common could not be claimed as exempt, the remainder might be. *Showers v. Robinson*, ante, p. 502, decided herewith.

III. An argument against the invalidity of the mortgage because of the want of the wife's signature, is drawn from the fact that she had then separated herself from him, and was living out of the State. It is said she

was not entitled to be consulted under such circumstances. Her separation, however, was not an abandonment, and not a surrender of any rights. The finding shows that she was driven from her home by misconduct on the part of her husband of a nature so grievous that she might have claimed a divorce under the statute. When a wife is thus driven off, she carries with her all her marital rights: the right to support, to dower, to control the disposition of the homestead. *Barker v. Dayton* 28 Wis. 367, 383. This power of control is conferred upon her as a means of conservation and protection; but if the husband could acquire independent authority to dispose of the homestead without the wife's consent, by driving her with blows from his house, or by such other conduct towards her as should altogether destroy the comfort of home, her constitutional right to withhold her consent from a sale or mortgage would be of no value whatever. Indeed as a means of restraint upon a vicious and unprincipled man it might be worse than useless, for it would benefit him, if he desired to sell or encumber his homestead, to first break up his home. *Vanzant v. Vanzant* 23 Ill. 536, 542. But what the law intends is, that she shall have in her own hands, exempt from her husband's control, an important means of protection to the home as well as to the homestead. *Meader v. Place* 43 N. H. 307; *Atkinson v. Atkinson* 40 N. H. 249, 252; *Sellon v. Reed* 5 Biss. 125, 126.

IV. The point is also made here, as it has been before in this court, that the mortgage was invalid only as against the homestead right—a right which continued after John Cave's death only till the plaintiff came of age. But the Constitution after indicating what land shall be exempted as a homestead, declares that a "mortgage or other alienation of such land by the owner thereof, if a married man, *shall not be valid* without the signature of the wife to the same." Article xvi. § 2. A thing not valid is void; and a security void is incapable of enforcement. The Constitution in terms declares that

the "land and dwelling-house thereon" constituting the homestead, shall not be sold or mortgaged unless the wife of the owner, if he have one, unite with him in the act that disposes of or encumbers it. This was expressly ruled in *Dye v. Mann* 10 Mich. 291, in which a second mortgagee, who had obtained the wife's signature to his mortgage, was held entitled to take advantage of the invalidity of a prior mortgage which she had not signed. See also *Watertown Ins. Co. v. Sewing Machine Co.* 41 Mich. 131; *Eldridge v. Pierce* 90 Ill. 474. The wife may also take advantage of it, *Comstock v. Comstock* 27 Mich. 97; and so no doubt may the husband himself, since otherwise it would become impossible for him, because of the existence of a deed or mortgage executed by himself alone, to exercise his undoubted right to dispose of one homestead in order with the proceeds to acquire another. *State v. Geddis* 44 Ia. 537; *Eldridge v. Pierce* 90 Ill. 474.

V. It is objected to the plaintiff's recovery that the defendants, if they had no other rights, were at least tenants at will, and entitled as such to the statutory notice to quit. There can be no force to this objection unless the defendants acquired possession by consent of the person entitled to it. The record instead of showing such consent negatives it. Defendants came in under adversary proceedings which were taken to enforce a void mortgage.

The judgment must be affirmed with costs.

The other Justices concurred.