KATE C. KERN v. JAMES S. FIELD.[1]

May 24, 1897.

Nos. 10,300—(62).

**Homestead—Extinguishment—Divorce.**

Where a husband and wife had resided on the wife's property as their homestead, and he had thereby acquired a homestead right in the property, *held*, a judgment of absolute divorce obtained by her against him terminated his said homestead right.

**Divorce—Conflict of Laws—Jurisdiction.**

Thurston v. Thurston, 58 Minn. 279, followed, to the effect that where a party goes from this state to another, and actually acquires a bona fide residence therein before commencing in its courts an action of divorce, the judgment of divorce, though irregular, is not void merely because the action was commenced before he had resided in that state the length of time required by its laws before commencing the action.

**Injunction—Evidence to Warrant Issuance.**

*Held*, the repeated trespasses and other acts of defendant, and other facts found by the court, were sufficient to warrant a judgment permanently enjoining him from interfering with the property of plaintiff and the business carried on by her on the same.

Appeal by defendant from an order of the district court for Kandiyohi county, Powers, J., denying a new trial. Affirmed.

*D. W. Bruckart*, for appellant.

*G. E. Qvale*, for respondent.

CANTY, J. 1. In 1891 the wife of defendant entered into an executory contract for the purchase of a certain hotel property situate at Willmar, in this state. She entered into possession of the property, conducted an hotel business thereon, and she and defendant resided on the premises, and the same was their homestead, until 1894, when she received notice from the grantee of the vendor declaring the executory contract forfeited by reason of default in performance on her part. Within a few days thereafter she made to said grantee a written instrument purporting to surrender the premises to him, but it was not signed by her husband. She then left this state, went to

[1] Reported in 71 N. W. 393.

North Dakota, and about four months thereafter commenced in that state an action of divorce against defendant, the papers therein being served on him in this state. In less than three months thereafter a judgment of divorce was entered therein, he having failed to appear or defend.

Immediately after her departure from this state said grantee made to her sister, the plaintiff in this action, a new contract for the sale of the property to plaintiff, and she immediately took possession of the hotel, and has ever since managed the business of the same. Defendant occupied a room in the hotel at the time, and thereafter for about five months boarded with plaintiff. He surrendered this room to her, and took from her another. He failed to pay his board bill, was and still is insolvent, and refused to leave the premises, claiming the same as his homestead. When ejected from one room, he took possession of another, occupied any room he saw fit, keeping out the guest assigned to such room, was guilty of disorderly conduct, and advised and induced guests to go to the rival hotel. He persisted in this course of conduct, though he was repeatedly ordered by plaintiff to keep off the premises. After the entry of the decree of divorce above mentioned, this action was commenced to enjoin and restrain him from interfering with her said hotel business, or her possession of the premises. On the trial before the court without a jury, the court found for plaintiff. From an order denying a new trial, defendant appeals.

Conceding, for the purposes of the argument, that, as defendant contends, the defaults aforesaid were waived by the vendor, and that the contract of sale to Mrs. Field was not forfeited by these defaults, or surrendered by said written instrument signed by her alone, but was still in force when this action was commenced, still, if the judgment of divorce is valid, it terminated defendant's homestead right in the premises. He had ceased to be her husband, and had, therefore, ceased to have any homestead right in her property. While, as a married woman, she could not, without her husband's signature, surrender her contract, still she could legally deliver the mere possession, at least, of all of the hotel and premises not actually occupied by the family for their private use. Not only did Mrs. Field do all in her power to deliver the possession of the hotel to said grantee, who in

turn delivered it to plaintiff, but defendant himself acquiesced in and ratified such delivery of possession by making no objection thereto, and by becoming the boarder of plaintiff in the hotel. Subsequently he surrendered his room to her, and accepted another one from her, so that she had complete possession of the hotel by the consent and acquiescence of both defendant and his wife. Conceding, without deciding, that, as against defendant, plaintiff was still a mere licensee, and that he could revoke the license, and retake possession, and assert and protect his homestead right, the subsequent judgment of divorce, if valid, cut off his homestead right, and his power to revoke such license. Under such circumstances, plaintiff had at the commencement of this action such possession as would enable her to maintain this action against such a stranger as defendant had become.

2. But appellant contends that the judgment of divorce should be held void. There was no evidence introduced to show what the laws of North Dakota regulating divorce proceedings were. Appellant contends that we should presume that the laws of that state are the same as the laws of this state, and that the party must reside in the state one year before bringing an action for divorce. Whether this court will so presume, or whether, for the purpose of giving full faith and credit to the judgment of a sister state, we must take judicial notice of the laws of that state, (2 Black, Judgm. § 860,) we need not now decide. The court below found that Mrs. Field went to North Dakota to reside, and has ever since resided there. The evidence supports this finding. Even if we should, for the purpose of ascertaining the effect to be given to this judgment, presume that the laws of that state are the same as our own, the judgment would still be effective. In Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017, we held that, if the party is actually a resident of the sister state at the time he commences the action, though he has not resided in that state as long as its laws require before commencing the action, the judgment is valid, though irregular. The irregularity does not go to the jurisdiction. Appellant questions in this court the bona fide character of Mrs. Field's residence in North Dakota, but the court below has found against him on that point.

3. The repeated trespasses, petty annoyances, and other acts of defendant, with the other facts found by the court, made a case for a

permanent injunction, as ordered. This disposes of all the questions raised having any merit, and the order appealed from is affirmed.