[S. F. No. 1119.   Department Two.—June 16, 1899.]

HELEN M. MOORE, Appellant, v. ALICE HOFFMAN and WILLIAM C. HOFFMAN, Respondents.

ESTATES OF DECEASED PERSONS—PROBATE HOMESTEAD—TENANCY IN COMMON—RIGHT OF POSSESSION.—The right of possession of a probate homestead set apart out of the estate of a deceased person to the widow and minor children, the title of one-half of which was to go to the widow, and the other half to the minor children, is in the widow and minor children during their minority; and after their majority their rights as tenants in common are only in the nature of those of remaindermen or reversioners, and the widow is entitled to the possession of the homestead, so long as she desires to maintain it, and until it is legally extinguished; and neither an adult child nor the grantee of such child is entitled to be let into possession with the widow, as a tenant in common.

ID.—PURPOSE OF HOMESTEAD.—The purpose of a homestead is to secure a home to each and all of those clothed with the homestead right; and the power of one not clothed with such right to enter into possession, as a tenant in common, and interfere with the occupancy and control by the homestead claimants, would be inconsistent with the nature of a homestead, and violative of the purpose for which it is created. The homestead is a place of abode for the family, and no act of any member of the family can in any way prejudice the right of the others to occupy it.

APPEAL from a judgment of the Superior Court of Santa Cruz County.   J. H. Logan, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, for Appellant.

Plaintiff, on the death of her husband, became the head of the family. (*Estate of Moore*, 57 Cal. 443; *In re Moore*, 72 Cal. 341; *Tyrrell v. Baldwin*, 78 Cal. 470.) Her rights of occupancy of the homestead cannot be interfered with, so long as she chooses to occupy it as such. (*Phelan v. Smith*, 100 Cal. 166; *Hoffman v. Newhaus*, 30 Tex. 633; 98 Am. Dec. 492; *Keyes v. Hill*, 30 Vt. 759; *Trotter v. Trotter*, 31 Ark. 145; *Nicholas v. Purczell*, 21 Iowa, 265; 89 Am. Dec. 572; *Walters v. People*, 21 Ill. 178; *French v. Stratton*, 79 Mo. 560; *Ailey v. Burnett*, 134 Mo. 313.)

Frank M. Stone, for Respondents.

McFARLAND, J.—Plaintiff avers in her complaint that she is the owner of the undivided one-half of certain described land, and is entitled to the possession thereof, and that defendants are unlawfully in possession of said land; and she prays for the recovery of the possession of the land from defendants, with damages, et cetera. The defendants, in their answer, admit that plaintiff is the owner and entitled to possession of the undivided one-third of the premises (and afterward, at the trial, admitted that she was entitled to one-half); but they say that the defendant Alice is the owner of an undivided interest in the land as tenant in common with plaintiff, and they claim only the right to hold possession jointly with plaintiff as tenant in common. The jury found for the defendants, for whom judgment was rendered; and plaintiff appeals from the judgment and from an order denying her motion for a new trial.

Appellant makes many points for a reversal which, under our view of the case, need not be discussed; for, waiving all contentions of appellant as to minor matters, the court erred as to the leading questions in the case which goes to the real merits of the controversy.

William H. Moore died intestate seised of the land in question, leaving a widow, the appellant herein, and three minor children, Charles Moore, Stella Moore, and William M. Moore. Afterward, and during the administration of his estate, to wit, on April 26, 1881, the court in which the administration was pending duly set apart the land in question here as a probate

homestead to the appellant, as widow, and the minor children—the order setting it apart declaring that one-half should·go to the widow and the other half to the children, or one-sixth to each of them. On September 11, 1889, Charles Moore, one of the children, who had then attained his majority, conveyed by deed to Alice Hoffman, one of the respondents, an undivided two-fifteenths of an undivided one-sixth of the land. And under this deed the said Alice, and the other respondent, her husband, William C. Hoffman, who was also made a party defendant, claim the right to possession as tenants in common with appellant. It does not expressly appear whether or not the other two children had attained majority at the time this suit was commenced, although according to certain dates which the record shows they probably had; and, for the purposes of the case, we will assume that all the children were of legal age at the time of the commencement of this action, as that view is the most favorable to respondents.

The question in the case presented by the foregoing facts is, Can the grantee of one of the children in a case like this legally go into possession of the· homestead as the tenant in common with the widow? The question arose in various ways, and principally upon the instructions of the court to the jury. The court instructed that if Charles Moore deeded an interest to Alice Hoffman, as above stated, then "that unless it had been shown by evidence that Alice Hoffman has since disposed of her interest in said land, that she is and has been since said date a tenant in common with plaintiff, and you must find for the defendants," and that her husband had a right to be in possession with her; and refused to instruct that neither of the children "could give any right to any person to the possession of said homestead against said plaintiff."

The purpose of a homestead is to secure a home to those clothed with the homestead right—to each and all of them; and the power of a stranger to enter into the possession of the land, and, as a tenant in common, to interfere with its occupancy and control by the homestead claimants, and to have it partitioned, or sold if division be impracticable, would be inconsistent with the very nature of a homestead, and violative of the very purpose for which homesteads are created. Probate home-

steads are, of course, for the benefit of minor children, when
there are such, as well as for the surviving wife or husband, and
our attention has not been called to any adjudication in this
state where in such a case the grantee of a child has undertaken
to disturb the possession of the other homestead claimants; but
the principle which is clearly applicable to the case at bar was
declared and applied, where the party asserting the right of pos-
session was the grantee of the widow, in *Hoppe v. Fountain,* 104
Cal. 94. In that case, where a probate homestead had been set
apart to the widow and minor children, the widow had mort-
gaged all her interest in the homestead premises, and it was
held that a purchaser at the foreclosure of the mortgage had no
right to possession as against the minor children until their
homestead rights had ceased, which would occur at their ma-
jority. The court announced the principle above stated as fol-
lows: "The homestead is a place of abode for the family, and
no act of any member of the family can in any way prejudice
the rights of the others to occupy it." Counsel for respondents
seems to think that the Hoppe case decides that the rights of
all the homestead claimants ceased when the children arrived
at majority, because the court said that the premises were to
"remain as a homestead without any power in either of the par-
ties interested to destroy its quality as a homestead until after
all of the children shall have arrived at majority," and "it must
remain intact until the youngest child has reached its majority."
But this language was used in a case where the rights of the
minor children were being asserted as against the act of the
widow—not where the rights of the widow were being asserted
as against the acts of the children. When the children arrive
at majority their interest in the homestead, as a homestead,
ceases, for they no longer constitute a part of the family, and
whatever property rights they thereafter have in the land cov-
ered by the homestead are in the nature of those of remainder-
men or reversioners. After their majority the widow, being the
only homestead claimant left, could, of course, dispose of her
interests in the land, because there would then be no other
homestead claimant to contest her right to do so; and it was in
view of this situation that the court said in the Hoppe case that
she could not destroy the homestead while any of the children

were minors. But exactly the same principle applies in favor of the widow as against the grantee of a child; such grantee cannot disturb her possession until her homestead right has been extinguished either by her own act or by operation of law, and it cannot be extinguished by any act of one or all of the children, either before or after their majority. The rights of a homestead claimant cannot be affected by an instrument in writing to which such claimant is not a party. (See *Phelan v. Smith,* 100 Cal. 166.) The governing principle is, that the homestead right continues in favor of any one of the family for whom it was created as long as he or she asserts it and remains in a position to assert it.

This rule has been declared in other states, for, while not many of their statutory provisions about homesteads are exactly like ours, still they are sufficiently similar to make the principle applicable. (See cases cited in opinion of Harrison, J., in *Hoppe v. Fountain, supra.*) In *Keyes v. Hill,* 30 Vt. 768, the supreme court of Vermont declares the law as follows: "We think the clear design of the law is to continue the homestead entire, as the home of the widow, or of the widow and children constituting the family at the decease of the husband, housekeeper, or head of the family, and that no rights of the children become operative to sever or divert such homestead from full occupancy and enjoyment as a family home, as long as the widow, or widow and children, see fit to continue it as such family home."

The judgment and order appealed from are reversed.

Temple, J., and Henshaw, J., concurred.