[Civ. No. 986.   Third Appellate District.—October 15, 1912.]

## AURELIA C. MILLS, Respondent, v. WINNIE MILLS STUMP and CHARLES MILLS, Appellants.

PARTITION—HOMESTEAD ASSIGNED TO WIDOW PROPERLY RESERVED—PARTITION OF RESIDUE.—Where, in the administration of a deceased husband's estate comprising 320 acres of land, a homestead was assigned to the widow of twenty-five acres across the northerly boundary of the tract, including the improvements, and the estate was distributed to the heirs as tenants in common, subject to such homestead, it is held that in a subsequent action for partition by the widow, between herself and the remaining heirs, of the remaining 295 acres, reserving the homestead right, the court properly confined its interlocutory decree of partition to such 295 acres, and reserved and refused to partition or sell the homestead right.

ID.—NATURE OF HOMESTEAD RIGHT—INCAPABILITY OF COMPULSORY PARTITION OR SALE.—The homestead interest in land is the offspring of statute, created for the benevolent purpose of furnishing a home to such person or persons to whom the law awards it, as a sanctuary against any hostile attack. The homestead right assigned to the widow, having been carved out of the husband's separate estate for the term of her natural life, she does not hold her interest during such term, either as parcenary, joint tenant, or tenant in common. Her homestead is of such a nature as to be incapable of compulsory partition or sale. Section 752 of the Code of Civil Procedure was not intended to authorize the partition of the homestead interest during the term of its enjoyment.

ID.—OBJECT OF PARTITION—POSSESSION OF COTENANTS IN SEVERALTY—POSSESSION MUST BE ENFORCEABLE—INJUSTICE NOT ALLOWED.—The object of partition is to enable the cotenants to enjoy the possession in severalty, and not to be compelled to submit to joint possession. It is not intended to try the title to land, and where possession cannot be effected as the result of the partition, there is no necessity for making it. It cannot be allowed where injustice and wrong would result from it, on account of part of the land being subject to a homestead.

APPEAL from an Interlocutory Decree of the Superior Court of Sonoma County in an action for the partition of land.   Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

Thomas J. Geary, for Appellants.

W. F. Cowan, for Respondent.

CHIPMAN, P. J.—John Mills, in his lifetime, was the owner, as his separate property, of two parcels of adjoining land of one hundred and sixty acres each. In the administration of his estate the court set apart to plaintiff, his surviving widow, twenty-five acres on the northerly end of the entire tract, including thereon the dwelling house and other improvements which had been used and occupied by the family in farming the land. By a decree of distribution the entire tract of 320 acres was distributed, in undivided shares of one-third each, to plaintiff and defendants, as tenants in common, subject to said homestead. Plaintiff entered into occupancy of the homestead and ever since has been in the enjoyment thereof.

The complaint is for a partition of 295 acres, leaving the twenty-five acre homestead undisposed of. Defendants resisted, claiming that the entire tract should be partitioned in the action and if the homestead stood in the way as an impediment, the entire estate should either be sold and the proceeds divided, or if partition of the whole cannot be made the complaint should be dismissed or the consideration of the action postponed until such time as just and suitable partition can be made. The court entered its interlocutory decree as prayed for in the complaint.

The question in the case is thus stated by appellants: "Can one cotenant compel partition of a portion of a common holding against the wishes of his cotenant? If he can, then the judgment should be affirmed, otherwise, the decree herein should be reversed."

Section 752 of the Code of Civil Procedure provides as follows: "When several cotenants hold and are in possession of real property as parceners, joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition cannot be made without great prejudice to the owners." Section 759 provides that—"The rights of the several parties, plaintiff as well as defendant, may be put in

issue, tried, and determined in such action," etc. Section 764 provides that—"In making partition, the referees must divide the property, and allot the several portions thereof to the respective parties, quality and quantity relatively considered, according to the respective rights of the parties as determined by the court, pursuant to the provisions of this chapter," etc.

The homestead interest in land is the offspring of statute, created for the humane and benevolent purpose of furnishing what its designation indicates—a home for the persons for whom the law awards it, and in its enjoyment it is by law made a sanctuary against execution creditors and should be against every other form of hostile attack. In the present case the homestead having been carved out of the husband's separate estate was decreed to plaintiff for her sole use during her natural life. But plaintiff does not hold this interest as parcenary, joint tenant, or tenant in common. While it partakes of some of the attributes of a joint tenancy, it is not such an interest in strict legal sense nor in the sense the term is used in the statute. It is not by virtue of her homestead interest that plaintiff brings the action, but as a tenant in common of the land with defendants. Her homestead interest is of such character as of itself to be incapable of partition. "The purpose of a homestead is to secure a home to each and all those clothed with a homestead right—to each and all of them; and the power of a stranger to enter into possession of the land, and, as a tenant in common to interfere with its occupancy and control by the homestead claimants and have it partitioned, or sold, if division be impracticable, would be inconsistent with the very nature of a homestead and violative of the very purpose for which a homestead is created." (*Moore* v. *Hoffman,* 125 Cal. 90, [73 Am. St. Rep. 27, 57 Pac. 769].) The tenants in common of the land in question hold subject to the homestead right and have no right of possession and the court can give them no right of possession of the portion impressed with the homestead by virtue of their tenancy in common. It is held by plaintiff by title distinct from that held by her and her cotenants as tenants in common of the fee. "It is the prevailing rule that the widow is entitled to a homestead as well against the heirs as against the creditors of her deceased husband, and that during the continu-

ance of her right of occupancy there can be no partition of the homestead at the suit of the heirs, and this though there are no creditors." (15 Am. & Eng. Ency. of Law, p. 699; 29 Am. & Eng. Ency. of Law, p. 1162.) "Lands occupied as a homestead may well be regarded as subject to a trust imposed by law which would necessarily be defeated by partition. It must therefore be denied, although the title is vested in two or more persons, as long as they or any of them remain entitled to occupy the property as a homestead." (30 Cyc. 187.)

Mr. Freeman states the rule as follows: "The homestead cannot be partitioned against the objection of the surviving wife, on the application of the other heirs, and after the decease of the husband. She has the right, at least as long as she resides on the premises with her family, or with any minor children of the family, to occupy and enjoy the whole homestead. The heirs cannot curtail this right by compelling her to submit to a partition of the premises, and to confine her subsequent enjoyment to the portion assigned to her." (Freeman on Cotenancy and Partition, sec. 60.)

The supreme court said, in *Gates* v. *Solomon*, 35 Cal. 593, [95 Am. Dec. 139] : "The whole scope and tenor of the provisions of the act relating to partition show that the intention was to make the one judgment of partition final and conclusive on all persons interested in the property or any part of it of whom the court could acquire jurisdiction and not permit the matter to be taken up in piecemeal, and accordingly provision is made for bringing in not only joint tenants and tenants in common in the whole or any part of the property, but those having future rights or estates for life or years and those holding liens by mortgage, judgment, or otherwise, and power is given to the court to try and determine the rights of all the parties to the action." (See, also, *Sutter* v. *San Francisco*, 36 Cal. 112, 116.)

While this is the general rule and must be applied in all cases where compulsory partition may properly be ordered, it is not an inflexible rule governing all cases nor do we think it should be applied in a case such as is here presented. The object of partition is to enable the cotenants to enjoy the possession in severalty and not be compelled to submit to joint possession. Partition does not try nor is it intended to try

title to land. Hence, where possession cannot be effected as a result of the partition there is no necessity for making it. Indeed, it might result in injustice and wrong to compel it, where the land is subject, as here, to a homestead. The value of the land thus held might greatly change before the termination of the life estate. Suppose the entire 320 acres, in the present case, were so divided that the twenty-five acre tract should form a part of one of the three allotted shares on some basis of the present worth of the homestead estate. There are valuable improvements on this land now which might in the ensuing years be destroyed by fire or other calamity. Or if the homestead continued for a considerable time improvements might greatly depreciate in value. The life tenant would not be under any obligation to make good any loss by fire or by deterioration. It would inevitably fall upon the cotenant to whom this particular portion had fallen.

Suppose, in a division now made, it should be determined that this twenty-five acre tract with its improvements has a value equal to an undivided one-half of the remaining 295 acres; that a fair and just partition at this time would be to allot this twenty-five acre tract as equivalent to one-third of the whole and the remaining 295 acres to be equally divided between the other two cotenants. It can readily be seen that the cotenant to whom the twenty-five acre tract should happen to be allotted would stand to suffer by any loss or depreciation in the improvements. We can see no way by which the court could in its decree provide against such a possible contingency for the widow has an absolute right to the possession and unobstructed and unlimited use of the homestead property during her life, independent of her right as a cotenant. Alloting the portion of the entire tract of which this twenty-five acre tract might be found to be only a part would not meet the objection since in the matter of partition she has the same rights as the other cotenants, and her right by virtue of the homestead is as separate and distinct as if held by another person.

The power to sell, given by the statute and under the general rule, cannot be invoked to solve the difficulties, for the homestead is of such a nature and was instituted for such a purpose as to forbid its compulsory sale. Once a homestead, always a homestead until it is destroyed in a way authorized

by statute, or by its voluntary surrender by the person entitled to it, such person being competent so to do.

It is a general rule prevailing in England without exception, and also throughout the majority of the United States, says Mr. Freeman, that no person has the right to demand any court to enforce a compulsory partition unless he has an estate in possession—one by virtue of which he is entitled to enjoy the present rents or the possession of the property as one of the cotenants thereof. (Freeman on Cotenancy and Partition, sec. 446.) Hence, the grantee of a deed in which the grantor reserves the right to remain in possession during his natural life, cannot maintain a suit for a compulsory partition. (*Nichols* v. *Nichols,* 28 Vt. 230, [67 Am. Dec. 699].) In that case Dewey Nichols conveyed to the petitioner an undivided half of the farm of which the premises in question were a parcel; and that the other undivided half was, by a separate conveyance, conveyed to the petitionees, reserving, however, in Dewey Nichols the use and occupancy of that portion of the farm during his own life, and that of his wife and daughters; and it appeared that Dewey Nichols and his daughters were still living. The court said: "The effect of these several conveyances was to vest in the petitionees a title in fee as tenants in common to one-half of the farm, with the right of its present and immediate possession; and to give to Dewey Nichols a life estate in the other half, with the right of possession during the lives of the persons for whose benefit that reservation was made. . . . The petitioners, under the deed, have no right to the possession, use, or occupancy of the moiety conveyed to them until the determination of the particular estate which the grantor reserves in himself. They have neither the possession nor the right of possession to any portion of the premises during the life of either of the persons for whose benefit the reservation was made. . . . During the life of Dewey Nichols the petitioners cannot be regarded as having a present estate as tenants in common with the petitionees. There is no unity of possession between them, nor can there be, so long as the petitioners have no right of possession. That relation may exist on the decease of Dewey Nichols, and those for whom that reservation was made, but not until then." Numerous cases are cited in support of the principle on which the decision rested. An application of

this doctrine is found in the case of remaindermen and reversioners by which they are prevented from enforcing partition. Speaking of the remaindermen, in *Sullivan* v. *Sullivan*, 66 N. Y. 37, the court said: "Any partition which might be made at his instance, although equal when made, might be very unequal when his estate should vest in possession. So, too, if actual partition could not be made, and a sale became necessary, the tenant having a less estate than a fee might be deprived of the substantial benefit of his terms." In *Culver* v. *Culver*, 2 Root (Conn.), 278, where a widow was seised of a life estate, with a remainder to those persons who were parties to the proceeding in partition, the court said: "It will be time enough for them to have partition of the lands when they shall have the possession and the title." Section 752 of the Code of Civil Procedure was not intended to authorize the partition of the homestead interest during its enjoyment.

It is not contended that the 295 acres may not be equitably partitioned at this time, so far as any physical difficulties stand in the way. The evidence was and the court found that it is capable of being equally divided among the cotenants. Defendants introduced no evidence and nothing appears in the case to show that the exclusion of the twenty-five-acre tract would work any injury to the parties. There was no evidence addressed to this question. All the evidence was addressed to the single question bearing upon the practicability of dividing the 295 acres. If the situation was such that the partition of the 295 acres could not be made separately from the remaining portion of the tract without great injustice and wrong to the parties or one of them, a different question might have arisen, but the fact should have been made to so appear by the opposing cotenants. No such showing was made or attempted to be made, defendants relying entirely on the general rule that where partition is sought it must be of the entire tract of land held in common.

If anything further be needed to confirm the views already expressed it may be found in an analogy drawn from the right of the wife to dower. Says Mr. Freeman: "When a widow is entitled to dower by virtue of her late husband having had a sole seisin in the premises, her right, as we have before stated, is generally regarded as paramount to the right of

the heirs to compel a partition. This is equally true whether a division or a sale be sought. Courts have no authority, unless it is expressly conferred by statute, to compel a widow to accept a certain sum of money in lieu of her dower. She cannot be divested of her dower except by her own act." (Freeman on Cotenancy and Partitions, secs. 472 and 476.) When the character and object of the homestead are considered the rule is wise, humane, and just and should have full application.

The decree is affirmed.

Hart, J., and Burnett, J., concurred.