## ALEXANDER RIDDELL, Respondent, v. PAUL SHIRLEY, Sheriff of Solano County, and others, Appellants.

R., being in insolvent and embarrassed circumstances, sold certain property to the plaintiff, in order to discharge certain debts which were liens upon his homestead, for the purpose of saving it to himself—all of which the plaintiff was aware at the time he made the purchase. *Held*, that the sale being with the direct intent of benefit or advantage to the seller, and to the injury of the creditors, is fraudulent and void, as to such creditors.

A sale under such circumstances, except to a creditor in payment of his debt alone, and free from knowledge of or collusion with the object of the debtor, must be considered a fraud in fact and in law.

APPEAL from the District Court of the Seventh Judicial District, Solano County.

Replevin for certain personal property attached by the defendant, Shirley, in his official capacity as Sheriff, as belonging to one Beebe Robinson.

The other defendants made parties in the cause, were creditors of Robinson.

The plaintiff, in order to prove his title, produced in evidence a bill of sale from Robinson of the property in dispute.

It also appeared, that at the time of the sale, Robinson was in failing or embarrassed circumstances, and that he made this sale for the purpose of raising funds wherewith to discharge certain debts which were a lien upon his homestead, for the purpose of saving it to himself. That the plaintiff purchased with a full knowledge of all these circumstances.

At the trial, defendants' counsel requested the Court to instruct the jury—

First, "That if the sale was made by Robinson to Riddell to discharge debts secured by mortgage on Robinson's homestead, and thereby to save the homestead to himself; and if Riddell was aware of such intention, and also if Robinson and Riddell were aware that by such transaction the defendants, as creditors of Robinson, would be delayed or hindered in enforcing the payment of their debts against Robinson, in such case, the sale was void as against such creditors."

Second, "That if the jury believe the sale was made by Robinson to plaintiff for the purpose of advantage to himself, to the prejudice of his creditors, of which purpose the plaintiff was aware, that then the sale was void as to the said Robinson's creditors, and a verdict should be rendered for the defendants."

The Court refused the instructions, and defendants excepted.

The jury found in favor of the plaintiff. The Court overruled a motion for a new trial, and defendants appealed.

*John Currey*, for Appellants.

The Court should have given the instructions requested by the defendants. Van Nest *v.* Yoe *et al.*, 1 Sanf. Ch., 8. Goodrich *v.* Downs, 6 Hill., 439. Leitch *v.* Hollister, 4 Coms., 214. Van Wyck *v.* Seward, 18 Wend., 395.

*Peyton* and *Duer*, for Respondent.

No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The facts, as found by the jury, show that Robinson, the vendor of the plaintiff, was in insolvent or embarrassed circumstances; that he

made the sale to discharge debts which were liens or charges upon his homestead, for the purpose of saving it to himself; of all which, the plaintiff was aware, at the time he made the purchase. This was certainly a transaction, calculated to hinder, delay, or defraud creditors. Although the law secures the homestead from execution arising from ordinary indebtedness, it is yet made chargeable for debts by the act of the parties interested in its preservation, and in some cases by operation of law. Where such cases exist, it would seem to be only fair, that the homestead should remain answerable for the debts charged upon it, and not, after becoming a source of credit, be relieved, intentionally, by the disposition of all the other property of the debtor, leaving nothing for the satisfaction of the other creditors. Such a sale, except to a creditor in payment of his debt alone, and free from knowledge of or collusion with the object of the debtor, must be considered a fraud in fact and in law. It is a sale with the direct intent of benefit or advantage to the seller, to the injury of the creditors.

This view renders it unnecessary to consider separately the various points made on error.

The judgment is reversed, and the cause remanded.