[Civ. No. 3449. First Appellate District, Division Two.—July 27, 1920.]

## OHIO ELECTRIC CAR COMPANY (a Corporation), Respondent, v. JOSEPHINE DUFFET et al., Appellants.

[1] FRAUDULENT CONVEYANCES—JUDGMENT AGAINST GRANTOR—ADMISSIBILITY AGAINST GRANTEE.—In an action by a judgment creditor to recover from the wife of the judgment debtor the net amount which she had received from the sale of certain real property which had been transferred to her without consideration by her husband at a time when he was indebted to plaintiff and at a time when he was insolvent, the judgment against the husband in the prior action is admissible against the wife, although she was not a party to that action.

[2] ID. — JUDGMENT AS PRIMA FACIE EVIDENCE. — Where a judgment creditor attacks his debtor's conveyance as fraudulent, his judg-

---

1. Conveyance from husband to wife in fraud of creditors, note, **90 Am. St. Rep.** 499.

ment against the debtor is *prima facie* evidence of his claim as against the grantees of the debtor.

[3] Id.—Insolvency of Grantor—Nulla Bona Return on Execution—Evidence.—The conveyance to the wife having been made without valuable consideration, after demand had been made upon the husband, the grantor, for payment of the indebtedness he had guaranteed and which was then past due, and just a month before action was commenced against him upon said demand, the return *nulla bona* of an execution on the judgment against him in such action made out a *prima facie* case of insolvency at the time of the transfer to the wife.

[4] Id.—Effect of Transfer—Remedy of Creditor—Sale by Sheriff.—So far as existing creditors are concerned, the title and ownership of the property conveyed with intent to defraud creditors remains in the fraudulent grantor as fully as though no transfer had been attempted, and the transfer being void as against them, a creditor may seize and sell the property under execution, and the sheriff's deed thereto transfers the legal title itself, and not a mere equity.

[5] Id.—Action to Enforce Trust—Investment of Funds—Lien—Equity.—Where the creditor chooses to treat the fraudulent grantee as a trustee of such property, holding it for its debtor for the benefit of his creditors, and brings an action in equity to enforce such trust, he has the right to follow the trust property, regardless of the form in which it is found; and where the trust property has been sold and the funds invested in improvements upon other property of the fraudulent grantee, a court of equity may decree a lien upon such property to the extent of such investment.

[6] Id.—Void Deed—Sale and Investment of Funds—Declaration of Homestead.—The deed to the wife having been void *ab initio*, and, as to the creditors of the husband, she never having acquired any title to the property, by turning the same into money, and by reinvesting this money, she could not improve this condition; neither could she make the void title good by filing a declaration of homestead covering the property in which the money was invested.

[7] Id.—Bankruptcy Proceedings—Jurisdiction of Property.—Such property having been acquired by the husband before his marriage and, as to the creditors of the husband, the wife never having acquired any title thereto, the property could not be set aside to her as exempt in bankruptcy proceedings dealing with her estate.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Perry F. Backus for Appellants.

Parker & Parker for Respondent.

LANGDON, P. J.—This is an appeal from a judgment for the plaintiff for $1,261 and interest in an action to recover from Josephine Duffet, one of the defendants, the net amount which she had received from the sale of certain real property. which had been transferred to her without consideration by her husband, at a time when it is alleged he was indebted to the plaintiff company and at a time when he was insolvent. The plaintiff also asked by the prayer of its supplemental complaint to have its judgment declared a lien upon real property owned by said Josephine Duffet because of the fact that the funds so received by her had .been invested in improvements upon said real property. This order was also included in the judgment.

[1] It appears from the record that George E. F. Duffet, the husband of Josephine Duffet, together with one Le Sage had guaranteed to hold the Ohio Electric Car Company harmless from any loss or damage suffered by it by reason of the nonperformance of the terms of a certain contract by the Washington Street Electric Garage Company. This contract was for the sale and purchase of automobiles. The Washington Street Electric Garage Company was a fictitious name used by the daughter and son-in-law of George Duffet in the conduct of their business. The persons doing business under this fictitious name failed to meet their obligations under the contract with the plaintiff, and were sued, together with Duffet and Le Sage for the amount due under the contract for goods sold and delivered. Judgment was secured in this action (No. B–42522 in the superior court for the county of Los Angeles) against all of the defendants named therein, including George Duffet. The record in this action was introduced in evidence in the present action to establish the plaintiff's claim and the indebtedness of George Duffet. The appellants object to this judgment as evidence against Josephine Duffet. The argument advanced is that although the question of whether or not George Duffet was indebted to plaintiff is *res adjudicata* between him and the

plaintiff because of this judgment in case No. B–42522, nevertheless the defendant Josephine Duffet may require proof of these facts as against her and is not bound by this judgment. Upon this theory appellants seek to argue the merits of the legal questions decided by said judgment No. B–42522. We find no merit in this contention. In the present action Josephine Duffet is not sued individually; she is sought to be held as an involuntary trustee of property received from her grantor without consideration. The judgment against her goes no further than the amount of the property so received by her. [2] Where a judgment creditor attacks his debtor's conveyance as fraudulent his judgment against the debtor is *prima facie* evidence of his claim as against the grantees of the debtor. (*Hills* v. *Sherwood,* 48 Cal. 386, 394.) [3] The record contains a copy of the execution issued in said action No. B–42522, and a return thereon showing that the sheriff was unable to find any property of the defendant's not exempt from execution, and that the execution was returned wholly unsatisfied. This return bears date of May 12, 1917. The property was conveyed by George Duffet to his wife in August, 1916. This was after demand had been made upon George Duffet for payment of the indebtedness which he had guaranteed and which was then past due, and just a month before action was commenced against him upon said demand. This property was conveyed to said Josephine Duffet without valuable consideration. When it appears that an execution has been issued and returned *nulla bona,* there is a *prima facie* showing of insolvency on the part of the defendant. (*Calkins* v. *Howard,* 2 Cal. App. 233, [83 Pac. 280].) It is said in *Woolridge* v. *Boardman,* 115 Cal. 74, [46 Pac. 868], that, although subsequent insolvency is not of itself foundation for an inference of insolvency at the date of a gift six months previous thereto, yet the subsequent insolvency, occurring within a short interval of time without any considerable reverse of business through the happening of any casualty, is a fact pertinent to the inquiry whether the like condition did not exist at the time of the gift to the wife, and to illustrate the intent of the donor. In view of all the circumstances in evidence in the present case, we think the return of the execution *nulla bona* made out a *prima facie* case of insolvency at the time of the transfer,

and this *prima facie* case was not met by any proof that the defendant George Duffet had any other property of substantial value at the time of the transfer.

The matters heretofore discussed bring this case within the application of section 3442 of the Civil Code; the transaction was void as to existing creditors, and the plaintiff was such an one. Said code section provides that such transfers shall be void as to existing creditors. [4] It has been held (*First Nat. Bank* v. *Maxwell*, 123 Cal. 360, [69 Am. St. Rep. 64, 55 Pac. 980]) that, so far as existing creditors are concerned, the title and ownership of the property conveyed with intent to defraud creditors remains in the fraudulent grantor as fully as though no transfer had been attempted, and the transfer being void as against them, a creditor may seize and sell the property under execution, and the sheriff's deed thereto transfers the legal title itself, and not a mere equity. Under such circumstances, then, in so far as this creditor was concerned, the property transferred was yet the property of its debtor. [5] The creditor chose in this action to treat Josephine Duffet as a trustee of said property, holding for its debtor for the benefit of his creditors. In doing this it had the plain right to follow the trust property, regardless of the form in which it was found. It is quite immaterial in this equitable action whether the property was in the form of the house originally transferred, or whether it had been converted into improvements upon another house owned by Josephine Duffet. This being an equitable action in which Josephine Duffet is sought to be held as a trustee, equity will follow the trust funds wherever they may be found. The judgment, therefore, decreeing a lien upon the property in which the funds had been invested, to the extent of such investment, was a proper exercise of equitable jurisdiction. (*Swinford* v. *Rogers*, 23 Cal. 233, 236.) In connection with this matter, appellants object to the action of the trial court in permitting the plaintiff to file a supplemental complaint asking that a lien be declared in its favor upon the property of Josephine Duffet for the amount received from the sale of her husband's property, and invested in her said property. It is contended that this supplemental complaint states an entirely new cause of action and asks for an entirely different relief. We are of the opinion that the court did not err in permitting the filing

of this supplemental pleading. The amended complaint contained a prayer for general relief, and under the well-known equitable rule, a court of equity will do full justice in the premises, and render such relief as will fully settle the controversy between the parties wherever possible. Under the prayer of the amended complaint, we think a court of equity would have had power not only to declare the money judgment against the defendant, but to go further and declare such judgment a lien upon her property under the circumstances in evidence here.

[6] The appellants further object to the creation of this lien upon the property, because Josephine Duffet, on November 26, 1918, while this action was pending, filed a declaration of homestead upon the property sought to be charged with the lien. The answer of defendants to the supplemental complaint also set up the fact that the defendant Josephine Duffet had been adjudicated a bankrupt on January 23, 1919, and that in said bankruptcy proceedings the homestead had been set aside to her as exempt.

As we have stated, under section 3442 of the Civil Code, and under the holding in the case of *First Nat. Bank* v. *Maxwell, supra,* and numerous other California cases, the deed conveying this property to Josephine Duffet was void, as to the plaintiff. It was void *ab initio,* and as to plaintiff, Josephine Duffet never acquired any title to this property. By turning the same into money, and by reinvesting this money, she could not improve this condition. She could not make a void title good by changing the form of the property, and she cannot make a void title good by filing a declaration of homestead covering the property. In so far as her home represented the funds received from her husband, under the circumstances in this case, it was not a proper subject for inclusion in her declaration of homestead, and cannot be impressed with this character. In so far as this property is not her property, but is property belonging to another and impressed with a trust, it is beyond the protection of the homestead laws. It is not sufficient that if the property had remained in its original form, as a house belonging to the husband and the family had resided there, this might have been homesteaded. The fact remains that these necessary elements did not exist. This situation was considered in the case of *La Point* v. *Blanchard,* 101 Cal.

at p..552, [36 Pac. 99], where it is said: "The premises had not been selected as a homestead by a declaration of either husband or wife at the time of the transfer, and might have been attached by the creditors. It was not, therefore, property exempt from execution." The money received by Josephine Duffet from the sale of the property transferred to her was used to pay off encumbrances and make improvements upon her homestead. It was said in *Riddell* v. *Shirley*, 5 Cal. 488, that a homestead may not be relieved of debts and charges against it by the disposition of all the other property of the debtor, leaving nothing for the satisfaction of other creditors. This language is quoted with approval in *Bishop* v. *Hubbard et al.*, 23 Cal. 514, [83 Am. Dec. 132].

[7] With reference to the setting aside of the homestead in bankruptcy proceedings, this money is recovered from Josephine Duffet, not from her property, but as and from the property of her husband—property which the record shows he had before his marriage. If the deed from him to Josephine Duffet was void and title never passed, then this property could not be set apart to Josephine Duffet in bankruptcy proceedings dealing with her estate. The property is simply property outside of the scope of such proceedings. The mistake made by appellants is in basing their arguments upon the premise that this action is brought to recover as upon a debt owing from Josephine Duffet. This is merely an action to reach the property of the real debtor, George Duffet, and to brush aside the technical legal obstacles in the form of his conveyance, which interfere with the creditor's right in this regard. In *Sewell* v. *Price*, 164 Cal. 265, [128 Pac. 407] it is said: "A bill maintained by a judgment creditor to subject to the payment of his demand property fraudulently transferred by the debtor is not, strictly speaking, an action upon his judgment. It is really an action for equitable relief against the obstruction caused by the transfer, which hinders him in satisfying his claim by the ordinary process of law; that is to say, by an execution."

The other matters urged by appellants we consider to be without merit.

The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 23, 1920.

All the Justices concurred.