[Civ. No. 17427.   Second Dist., Div. Three.   Aug. 30, 1950.]

JOHN DUHART et al., Respondents, v. HAROLD JOHN O'ROURKE et al., Defendants; ABBOT C. BERNAY et al., Appellants.

Guerin, MacKay & Tendler and Max Tendler for Appellants.

Rupert B. Turnbull and M. C. Yearing for Respondents.

VALLÉE, J.—Appeal by defendants Abbot Bernay, Maurice T. Leader, Richard H. Sampson, A. W. Appel, and Northwest Casualty Company, a corporation, from a judgment for plaintiffs in an action in which plaintiffs sought a declaration of rights with respect to a parcel of realty standing of record in the name of Lizzie O'Rourke, a married woman, as her sole and separate property.

Prior to October 21, 1946, the property stood of record in the names of John O'Rourke and Lizzie O'Rourke, husband and wife, as joint tenants. On October 19, 1946, a deed was executed by them granting the property to Lizzie O'Rourke as her sole and separate property. On the same day she executed a declaration of homestead on the property. The deed and the declaration of homestead were recorded October 21, 1946.

Appellants claim a superior interest in the property as lienholders under trust deeds executed by Lizzie O'Rourke. Respondents, judgment creditors of John O'Rourke, assert a superior interest by reason of their purchase of the property at execution sale.

The litigation stems from the following: Between August 28 and September 6, 1946, John O'Rourke and Albert Daener, by false representations, defrauded plaintiffs of 2,000 sacks of wheat, valued at $10,000. They sold the wheat for $9,600 and retained the proceeds.

On November 21, 1946, plaintiffs commenced an action in the superior court of Los Angeles County (No. 521905) against John O'Rourke and Albert Daener for the value of the wheat fraudulently obtained by them and caused a writ of attachment to be levied on the real property involved here. The attachment was levied against the property standing in the name of Lizzie O'Rourke and against the interest of John O'Rourke therein. Lizzie O'Rourke filed a complaint in intervention alleging the property was her sole and separate property and praying that the writ of attachment be released. Plaintiffs answered, alleging that the deed of October 19, 1946, was executed to hinder, delay and defraud the creditors of John O'Rourke, including plaintiffs, and to prevent them from reaching the property. Plaintiffs recovered judgment against O'Rourke and Daener. Lizzie O'Rourke was denied any relief. The court found that the attached property was conveyed in fraud of the creditors of John O'Rourke, including plaintiffs, and that the property, irrespective of its record title,

was the community property of the O'Rourkes, and concluded that the attachment was in force as an attachment against their community property. Judgment was accordingly rendered November 25, 1947. No appeal was taken from the judgment and it has since become, and was at the time of the filing of the present action, final.

On October 26, 1947, Lizzie O'Rourke executed a trust deed, duly recorded, in favor of appellants Sampson, as trustee, and Appel, as beneficiary, as security for the repayment of an obligation set forth therein, i.e., to secure Appel upon the payment by him of any losses sustained by Northwest Casualty Company upon a forfeiture of its bail bond securing the appearance of John O'Rourke in criminal proceedings instituted against O'Rourke and Daener as a result of their fraud against plaintiffs. (See *People* v. *Daener & O'Rourke,* 96 Cal.App. 2d 827 [216 P.2d 511].)

On October 29, 1947, Lizzie O'Rourke executed another trust deed, duly recorded, in favor of appellants Bernay and Leader, beneficiaries, as security for the payment of $1,000 attorneys' fees for services rendered and to be rendered O'Rourke in the criminal proceedings.

On February 9, 1948, plaintiffs purchased the property at execution sale in action No. 521905. The proceeds thereof were applied on their judgment, and the writ of execution was returned wholly satisfied. The time for redemption expired February 9, 1949.

On March 19, 1948, the present action was filed by plaintiffs against appellants, the O'Rourkes, and others, seeking a determination of their rights in the property. The complaint alleged facts concerning the fraud of O'Rourke and Daener, the recovery of judgment in action No. 521905, and the subsequent proceedings culminating in the sale of the attached property to plaintiffs. The complaint further alleged that the declaration of homestead executed individually by Lizzie O'Rourke was void because (1) the judgment in action No. 521905 determined that the deed under which she claimed title had been made in fraud of creditors and was therefore void, and (2) the consideration for the acquisition of the property sought to be impressed with the homestead was acquired partly with funds fraudulently obtained from plaintiffs which the O'Rourkes had used "in acquiring a clear title to real property, which they . . . in turn exchanged for the real property" involved here. The complaint further alleged

that the trust deeds in favor of appellants were junior to the rights of plaintiffs because the attachment had been levied prior to the giving of the trust deeds, which attachment had ripened into a final judgment upon which execution sale had occurred. Appellants filed answers. The O'Rourkes defaulted.

The court, among other things, found and concluded that: the interest of the O'Rourkes in and to their equity in the property was acquired by funds which O'Rourke obtained from plaintiffs by fraud, to wit, the proceeds of the 2,000 sacks of grain; the homestead filed by Lizzie O'Rourke was a void homestead and did not at any time impress the property with any rights in favor of the O'Rourkes or any of the defendants; plaintiffs acquired a lien upon the property by virtue of the writ of attachment levied in November of 1946, which lien ripened into a judgment; the execution sale held on February 9, 1948, was valid; unless the property was redeemed by some party in interest within the period provided the sheriff was directed to issue a deed to plaintiffs on February 10, 1949; all of the trust deeds executed in favor of appellants are junior to plaintiffs' interest acquired by virtue of the execution sale. Judgment was entered accordingly.

Appellants contend the court erred in finding the homestead was void, the execution sale was valid, and their rights were junior to those of plaintiffs.

The question of the validity or invalidity of the homestead was not an issue in action No. 521905. That action merely adjudged that the conveyance to Lizzie O'Rourke was in fraud of O'Rourke's creditors and the property was the community property of the parties. This determination, however, in nowise affected the homestead, if otherwise valid, for the principles of fraudulent conveyances do not apply to declarations of homestead. (*Montgomery* v. *Bullock*, 11 Cal. 2d 58, 62 [77 P.2d 846]; *Parker* v. *Riddell*, 41 Cal.App.2d 908, 914 [108 P.2d 88].) A homestead may, however, be successfully attacked by a creditor where money fraudulently obtained from him is invested in and constitutes part of the homestead. Under such circumstances, the right of the creditor so defrauded becomes paramount to that of the owner of the homestead, depending upon the facts of the case, and the property so homesteaded is not exempt from execution or sale. (*Kemp* v. *Enemark*, 194 Cal. 748, 753 [230 P. 441]; *Ohio Electric Car Co.* v. *Duffet*, 48 Cal.App. 674, 679 [192 P. 298]; *Shinn* v. *MacPherson*, 58 Cal. 596; *Parker* v. *Riddell*, 41 Cal. App.2d 908, 914 [108 P.2d 88].)

In the present case the court found that funds fraudulently obtained by the O'Rourkes found their way into the homestead. Appellants contend there is no evidence to support this finding, relying on the oral testimony and documentary evidence received as exhibits. There was evidence that $7,600 of the money obtained from the sale of the wheat was received by O'Rourke and that part of it found its way into the homestead.

█ Appellants' contention that the court erred in not finding their liens superior to the rights acquired by plaintiffs because they were bona fide encumbrancers without notice of the attachment proceedings, is conclusively answered by *Bank of South San Francisco* v. *Pike*, 53 Cal.App. 524 [200 P. 752], in which the applicable principles are stated and discussed at length.

The foregoing renders unnecessary a discussion of other points raised by appellants.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

The opinion was modified to read as above on September 5, 1950, and a petition for a rehearing was denied on September 20, 1950. Appellants' petition for a hearing by the Supreme Court was denied October 26, 1950.