[Civ. No. 22774.   First Dist., Div. Two.   Aug. 16, 1966.]

JOHN F. WILTRAKIS, Plaintiff and Respondent, v. HENRI-
ETTA WILTRAKIS, Defendant and Appellant.

John Paul Jones for Defendant and Appellant.

Dodge, Reyes, Brorby, Kahn & Driscoll and Fred C. Dodge
for Plaintiff and Respondent.

TAYLOR, J.—On this appeal by the wife from a judgment
in favor of the husband in his action for partition, the only
question presented is whether, after a decree of separate
maintenance, the wife is entitled to claim a homestead in the
husband's separate property and thus to bar his action. This

case is one of first impression under section 1300 of the Civil Code.

The appeal is on a settled statement of the following facts: Before their separation, the parties owned in joint tenancy and resided in a single family dwelling on which no homestead had ever been declared. In January 1964, after a contested trial, the wife received a decree of separate maintenance providing that the home was the community property of the parties and that each had an undivided one-half interest therein as a tenant in common. After the decree became final, the husband filed this action for partition and, pending the trial thereof, the wife recorded a declaration of homestead on the entire property on behalf of herself and her husband.

Under section 1238 of the Civil Code, a declaration of homestead is limited to certain property, depending on the status of the claimant and type of property involved. If the claimant is married and female, she may select the homestead from community property, the separate property of her husband, or from that held by the spouses as tenants in common or in joint tenancy; if she be unmarried but head of a family, she may select it from any of her property. Section 1263, so far as pertinent, provides that when the declaration is made by the wife, it must contain a showing that her husband has not made such a declaration and that she, therefore, makes the declaration for their joint benefit. Section 1300 of the Civil Code provides that following the entry of a decree of separate maintenance or an interlocutory decree of divorce, each spouse may declare a married person's separate homestead from his or her own separate property or from property awarded to him or her by such decree.

The wife argues that she has an election to proceed under either section 1238 or 1300 et seq. and that as a married female she is still entitled to choose a homestead from the husband's separate property. We cannot agree with this interpretation of the statutes.

As we pointed out recently in *Harley* v. *Whitmore*, 242 Cal.App.2d 461, at page 469 [51 Cal.Rptr. 468], the purpose of the 1959 enactment of sections 1300-1304 of the Civil Code was to make some necessary adjustments and changes in the law. Section 1300 specifically deals with the homestead rights of a spouse after an interlocutory decree of divorce or decree of separate maintenance, and provides that in both situations, each spouse can declare a homestead only on his or her separate property or from the property awarded by the decree. For

homestead purposes, it makes no difference whether the decree is one of separate maintenance or interlocutory divorce.

After the separate maintenance decree, the wife here, for homestead purposes, assumed the status of a single person. She was no longer under the cover, authority and protection of her husband and thus could no longer file on behalf of herself and her husband. By virtue of the separate maintenance decree, she was lawfully living separate and apart from her husband and could not be presumed to know whether or not he had claimed another homestead; nor could she claim the homestead for the benefit of the husband without (in part, at least) surrendering the property rights granted to her by the separate maintenance decree (*McGaffey* v. *Sudowitz,* 189 Cal.App. 2d 215, 221 [10 Cal.Rptr. 862]).

By the enactment of sections 1300-1304 to deal with these specific problems, it is clear that the Legislature intended that the part of section 1238 of the Civil Code relating to married persons should apply only to the selection of homesteads prior to a decree of interlocutory divorce or separate maintenance. This conclusion is in accord with the rules that a homestead cannot be assigned by the court unless it is selected *prior to such a decree* (*Miller* v. *Miller,* 227 Cal. App.2d 322, 327-328 [38 Cal.Rptr. 571] ; Civ. Code, § 146) and that in a divorce or separate maintenance action, the court has no authority to assign the separate property of one spouse to the other (*Machado* v. *Machado,* 58 Cal.2d 501 [25 Cal.Rptr. 87, 375 P.2d 55]). *Walton* v. *Walton,* 59 Cal.App.2d 26 [138 P.2d 54], relied on by appellant, is not relevant. That case, barring the husband's partition suit, was decided in 1943, many years before the enactment of section 1300 et seq. of the Civil Code. Furthermore, in *Walton,* the homestead was recorded on joint tenancy property by the wife for the benefit of herself and her husband prior to the rendition of the separate maintenance decree.

Here, the separate maintenance decree determined the property rights of the parties (Civ. Code, § 146). Each was awarded as separate property an undivided one-half interest as a tenant in common of the family home. We hold that the trial court correctly concluded that the wife was only allowed to file a declaration on that part of the real property awarded to her and that, therefore, the husband's action for partition was not barred by the wife's declaration. To hold otherwise would not only be contrary to the clear mandate of section 1300 but also would allow one spouse by the mere filing of a

joint homestead declaration on the entire property to subvert the property rights adjudicated in the separate maintenance action.

The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 14, 1966.